UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOUNDVIEW COMMUNICATIONS, INC., | No. C-13-3402 EMC |
| Plaintiff, | |
| v. | **ORDER DENYING DEFENDANT'S MOTION TO VACATE** |
| LOTUS MANAGEMENT, LLC, *et al.*, | **(Docket No. 14)** |
| Defendants. | |
| _____/ | |

Plaintiff Soundview Communications, Inc. initiated this action against Defendants Lotus Management, LLC; Robert Rowen; and the United States, seeking a declaration as to whether certain payments Soundview owes to Lotus should be paid to Lotus or to the IRS, which has also claimed an interest in the payments. Soundview filed its complaint in a Georgia state court. Thereafter, Lotus (and its majority owner Ronald MacDonald) removed the case to this Court, which is located in California. After the removal, the United States moved to transfer the case to a federal court in Georgia. The Court granted the motion on August 28, 2013, noting that (1) no opposition had been filed and that (2) the motion had substantive merit. *See* Docket No. 11 (order). Lotus and Mr. MacDonald had now filed a motion in which they ask the Court to vacate its order. Having considered the parties' submissions, as well as all other evidence of record, the Court **DENIES** the request for relief.[1]

---

[1] The Court also **DENIES** Lotus and Mr. MacDonald's motion for leave to file a reply brief. *See* Docket No. 19 (motion). Counsel Aubrey L. Harper, Jr. filed the pending motion to vacate on their behalf before counsel Walter R. Moreno ever filed a motion to withdraw. Thus, Mr. Harper could easily have filed a reply brief without any involvement of Mr. Moreno and subsequently cured

The Court is not unsympathetic to Lotus and Mr. MacDonald's point that the only reason why there was no opposition to the government's motion was because Lotus and Mr. Rowen were never served with the motion until after the Court's transfer order was already issued.  However, the Court rejects Lotus and Mr. MacDonald's contention that the government engaged in intentional fraud.  Based on the record submitted, it appears that the government served the motion on Lotus and Mr. Rowen by mail on the day the motion was filed, but there was a labeling error on the envelopes that resulted in the envelopes being returned as undeliverable.  *See* Docket Nos. 6, 12-13 (proofs of service).  It is sheer speculation on the part of Lotus and Mr. MacDonald that the government deliberately mislabeled the envelopes to ensure that there would be no opposition to the motion to transfer.  Indeed, if the government were engaging in fraud, then it would not have filed the amended proofs of service in which it admitted to the labeling error in the first place.

Nevertheless, because Lotus was not given an opportunity to file an opposition before the Court's order, the Court shall consider the merits of the arguments raised by Lotus and Mr. MacDonald in their pending motion to determine whether there is a valid basis for their challenge to the Court's transfer order on the merits.  The Court concludes that on the merits there is not.

Lotus and Mr. MacDonald do not dispute that Lotus removed to the wrong federal court – *i.e.*, the case should have been removed to the Northern District of Georgia and not the Northern District of California.  *See* 28 U.S.C. §1441(a) (providing that a defendant is entitled to remove "to the district court of the United States for the district and division embracing the place where such action is pending").  Rather, their only point seems to be that, in light of the improper removal, this Court should have remanded the case back to the state court rather than transfer the case to the Northern District of Georgia.  According to Lotus and Mr. MacDonald, the Court had no authority to transfer because it lacked subject matter jurisdiction over the case; without subject matter jurisdiction, its only option was to remand.

---

the pro hac vice issue.  The Court also notes that, contrary to what Lotus and Mr. MacDonald state in their papers, they have not "submitted herewith" a copy of their reply brief.  Docket No. 19 (Mot. at 2).

2

1  The Court does not agree. Subject matter jurisdiction is dependent on, *e.g.*, whether there is federal question jurisdiction or diversity jurisdiction. *See* 28 U.S.C. §§ 1331-32. The issue here is not one of subject matter jurisdiction but rather venue. *See Keeth v. State Farm Fire & Cas. Co.*, No. 10-13219, 2011 WL 479903, at *2 (E.D. Mich. February 7, 2011) (stating that "[r]emoval to the improper district, where a federal court otherwise has the jurisdictional power to hear the case, presents a procedural (as opposed to jurisdictional) defect curable by transfer to the proper venue").

As the government pointed out in its original motion to transfer, several courts have held that, where a notice of removal has been filed in the wrong district court, a court should transfer the case, pursuant to 28 U.S.C. § 1406(a), to the correct venue where the notice of removal should have been filed. *See, e.g.*, *LNV Corp. v. STK Financial, LLC*, No. C 11-00025 SBA, 2011 WL 4345193, at *2 (N.D. Cal. September 14, 2011); *Keeth*, 2011 WL 479903, at *2; *Shamrock Mfg. Co. v. Ammex Corp.*, No. CV-F-10-908 OWW/SKO, 2010 WL 3153976, at *8 (E.D. Cal. August 9, 2010). Though some courts have decided to remand rather than transfer, *see, e.g.*, *Maysey v. Craveonline Media, LLC*, No. CV 09-1364-PHX-JAT, 2009 WL 3740737 (D. Ariz. Nov. 5, 2009), the Court finds the other authority cited above more persuasive.

At the end of the day, what Lotus should have done is remove the case to the Northern District of Georgia and then ask that Georgia federal court for a transfer to the Northern District of California based on, *e.g.*, the existence of a related case in this forum. This Court, however, shall not countenance Lotus's "shortcut" which would deprive the Georgia federal court from making that determination in the first instance.

///
///
///
///
///
///
///
///

3

Accordingly, Lotus and Mr. MacDonald's request for relief is hereby denied.

This order disposes of Docket Nos. 14 and 19.

IT IS SO ORDERED.

Dated: November 6, 2013

_____
EDWARD M. CHEN
United States District Judge

4